DANIEL SWEENEY AND ANOTHER v. L. M. ABBEY.[1]

May 29, 1925.

No. 24,653.

**Court erred in striking out answer as sham.**

The complaint alleged that defendant received certain grain as the agent of plaintiffs and wrongfully sold the same and converted the proceeds thereof to his own use. The answer denied the agency and asserted an absolute sale of the grain to defendant and payment therefor in full. *Held* that the answer should not be stricken as sham on a showing that defendant had bought the grain outright and owed an admitted balance on the purchase price, as he had the right to refute the charge of misconduct.

    1. See Pleading, 31 Cyc. p. 628.

Defendant appealed from an order Leary, J., striking out his answer as sham and directing judgment for plaintiffs in an action in the district court for Hennepin county. Reversed.

*Dobner & Miller*, for appellant.

*C. E. Warner* and *Willis Doherty*, for respondents.

TAYLOR, C.

Appeal from an order striking defendant Abbey's answer as sham and directing judgment for plaintiffs. No service was made on the

[1]Reported in 204 N. W. 24.

other defendant, alleged to be a surety, and the term defendant when used herein will designate defendant Abbey only.

The complaint alleges, in subdivision 2, that in 1919:

"Plaintiffs shipped to said defendant L. M. Abbey various cars of grain to be sold by said defendant for a commission as the agent and representative for and in behalf of plaintiffs; that all of said cars of grain were received by the defendant L. M. Abbey and sold by him, and the proceeds thereof were converted by said defendant L. M. Abbey to his own use."

It further alleges in subdivision 5:

"That the reasonable value of said grain at said time so appropriated by said defendant L. M. Abbey, was the sum of eighteen hundred fifteen and 96/100 dollars ($1,815.96), and that said defendant L. M. Abbey promised and agreed to pay said sum to plaintiffs herein; that the said grain was wrongfully sold by the said defendant L. M. Abbey as herein alleged, and said above sum of eighteen hundred fifteen and 96/100 dollars ($1,815.96) was wrongfully appropriated by said defendant L. M. Abbey."

It further alleges, in subdivision 6 that an accounting was had in which it was agreed

"That said defendant was indebted to plaintiffs on account of the matters and things herein set out in the sum of eighteen hundred fifteen and 96/100 dollars ($1,815.96), which amount as hereinbefore alleged said defendant L. M. Abbey promised and agreed to pay."

It further alleges, in subdivision 8, that no part of said amount has been paid except the sum of $792.60. Judgment is demanded for the sum of $1,023.36 and interest.

The answer specifically denies that during the year 1919 plaintiffs shipped any grain to defendant to be sold by defendant as plaintiffs' agent; and then alleges that all the grain shipped by plaintiffs to defendant during that year was shipped by plaintiffs under a contract of unconditional sale of such grain to defendant, that the accounts in reference thereto have been settled and compromised, and that defendant has paid therefor in full.

Plaintiffs base their motion to strike on an affidavit of plaintiff Daniel Sweeney in which he states that in 1919 plaintiffs sold and delivered to defendant three carloads of grain, and that they received from defendant in advance $2,000 on the first carload, $2,500 on the second carload and $2,500 on the third carload, leaving a balance due them on the three carloads of $1,815.96, and that defendant had paid $792.60 thereon in 1922, leaving a balance of $1,023.36 still due. Defendant presented an affidavit in which he admits the purchase of the grain and the balance due thereon as above stated. Defendant became financially embarrassed about the time he purchased this grain; and both affidavits, in addition to the facts above stated, relate negotiations in respect to a settlement and compromise of the indebtedness as a result of which the payments of 1922 were made, but plaintiffs deny any agreement to relinquish any part of their claim.

On the record these facts stand admitted: That defendant owes plaintiffs the sum of $1,023.36 on the purchase price of the grain; that the charge in the complaint that defendant had received and sold the grain as the agent of plaintiffs and had wrongfully appropriated the proceeds thereof to his own use is false; that the denial of this charge in the answer and the averments therein that the grain was unconditionally sold and delivered to defendant by plaintiffs are true, and that the averment therein that defendant had paid plaintiffs in full therefor is false.

Ordinarily where the amount due is admitted, the court does not attach much importance to the form of the pleadings. But here plaintiffs had a cause of action on contract for the balance due on the purchase price. Instead of bringing an action on the contract, they brought an action in which, in effect, they charged defendant with embezzlement—a charge now conceded to be wholly unfounded. We think that defendant had the right to refute that charge; and that his answer denying it and asserting that plaintiffs had not shipped the grain to him as their agent, but had sold it to him unconditionally, should not have been stricken, although it also asserted that they had been paid in full, and this assertion was untrue. The first misstatements were made by plaintiffs in their

complaint. Striking the answer as sham and granting judgment as demanded in the complaint would apparently give judicial sanction to the unwarranted imputations cast upon the conduct of defendant by the complaint. He is entitled to have his denial of such imputations stand of record. Plaintiffs having predicated their cause of action on unfounded charges of misconduct are not entitled to have an answer asserting that such charges are untrue stricken, although the existence of a valid debt is admitted. The existence of a valid debt does not establish the cause of action in tort alleged.

Order reversed.